IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO. 48-2005-CA-000945-O

LAKE EOLA BUILDERS, LLC,
a Florida limited liability company,

Plaintiff,

6:05CV346-ORL-31DAB

vs.

THE METROPOLITAN AT LAKE
EOLA, LLC, a foreign limited liability
company,

Defendant.
_____/

## COMPLAINT

Plaintiff, Lake Eola Builders, LLC ("LEB"), a Florida Limited Liability Company, files this Complaint and sues Defendant, The Metropolitan at Lake Eola LLC ("Owner"), a Delaware Corporation, and in support thereof states:

## THE PARTIES

1. LEB is a single purpose Florida Limited Liability Company with its principle place of business in Orange County, Florida.

2. LEB served as the General Contractor for the construction and renovation of the Downtown Orlando Sheraton Four Points Hotel which was to be converted into a residential condominium project.

3. The Owner is a Delaware Corporation with its principle place of business in Atlanta, Georgia and is authorized to do business within the State of Florida.

4. The Owner owns the building formally known as the Downtown Orlando Sheraton Four Points Hotel ("Property").

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because this is a civil action for monetary damages in excess of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and attorneys fees.

6. Venue is proper in this Court because 1) this cause of action accrued in Orange County, Florida, and 2) the real property at issue is located in Orange County, Florida.

## FACTUAL BACKGROUND

7. This litigation arises out of the construction and renovation of the Downtown Orlando Sheraton Four Points Hotel for the purpose of converting the existing structure into residential condominiums ("the Project").

8. On or about December 9, 2003, LEB entered in a Guaranteed Maximum Price Contract ("Contract") with the Owner for the Project. LEB began its work on the Project on December 29, 2003.

9. The parties agreed that, subject to the Contractor's Qualifications and Exclusions, the cost of the work defined under the Contract Documents would not exceed five million nine hundred ninety-six thousand three hundred fifty eight dollars ($5,996,358.00).

10. The Contract included an agreement, conditions of the contract, drawings, specifications, contractor's qualifications and assumptions, and general conditions (collectively referred to herein as the "Contract Documents"). A copy of the agreement, conditions of the contract, contractor's qualifications and assumptions, and general conditions are attached hereto as composite Exhibit "A". The drawings and specifications are too voluminous and bulky to be attached hereto; however, it is believed that the Owner has copies of all of the Contract Documents within its possession.

11. The Contract Documents and price were modified by change orders, and various Owner directives which increased the Contract amount to $6,641,725.00. Documentation evidencing the change orders and Owner's directives are attached hereto as composite Exhibit "B".

12. LEB's work under the Contract was disrupted and impacted by events that were unforeseeable and beyond the control of LEB.

13. These events caused LEB to incur additional costs entitling LEB to be compensated by the Owner under the Contract.

14. Additionally, the Owner wrongfully failed and refused to provide LEB with extensions of time due to changes, disruptions and resulting delays which were beyond LEB's control.

15. LEB received its last payment from the Owner on December 15, 2004.

16. Two days later, on December 17, 2004, the Owner wrongfully terminated the contract effective December 24, 2004. See letter attached hereto as Exhibit "C".

17. On January 12, 2005, LEB recorded its Amended Claim of Lien, for amounts unpaid, a copy of which is attached hereto as Exhibit "D".

## COUNT I- BREACH OF CONTRACT FOR WRONGFUL TERMINATION

18. LEB re-alleges paragraphs 1 through 17 as if fully restated herein.

19. This is an action for Breach of Contract. Plaintiff has satisfied all conditions precedent to bringing this action.

20. LEB satisfactorily performed all the work required by the Contract Documents, as modified, in accordance with the terms and conditions thereof.

21. During its work on the project, LEB experienced changes, disruptions and resulting delays which were beyond its control. The project disruptions experienced by LEB substantially delayed LEB's work on the Project.

22. LEB repeatedly notified the Owner verbally and in writing that its work was being impacted by various project disruptions not the responsibility of LEB.

23. The owner refused and ignored LEB's numerous notifications of time impact, which rendered the original substantial completion date in the Contract a nullity.

24. In fact, the Owner constructively directed LEB to accelerate its work to complete the Contract within the original performance period.

25. LEB accelerated its work and incurred additional costs as a result.

26. LEB has requested payment from the Owner for all disruptions to the project, delays, impacts, accelerations and damages caused by the Owner and/or its consultants and separate contractors.

27. To date, the Owner has not compensated LEB for the additional costs that LEB incurred due to the disruptions to the project, delays, impacts and acceleration.

28. By way of example only, the Owner has breached the Contract with LEB by its:

    a. wrongful termination of LEB;

    b. failure to pay LEB for the amounts it is entitled to under the Contract;

    c. failure and refusal to pay LEB the contract balance, the Unpaid Change Orders and work performed at Owner's direction, the amount due for the disruptions to the Project, delays, impacts, accelerations and also for any damages caused by the Owner and/or its subcontractors; and

    d. failure to provide LEB with appropriate extensions of time for performance due to delays, impacts, and disruptions not the responsibility of LEB.

29. As a direct consequence of the Owner's breaches of the Contract, LEB has suffered delays, inefficiencies, disruptions to the work of the Project, additional costs, lost profit, unabsorbed and extended direct and indirect project costs, escalations and other such damages.

30. Pursuant to the Contract Documents, the Owner is responsible for paying LEB for the balance owed to it under the Contract for work performed, including profit, the necessary Change Orders resulting from project disruptions, damages for delay due to the project disruptions, lost profit, and for all damages caused by the Owner and/or its subcontractors as provided for by the terms of the Contract Documents and applicable law in the State of Florida.

WHEREFORE, LEB demands judgment against the owner for the damages stemming from the Owner's breaches of the Contract, including but not limited to, damages incurred as a result of the Owner's wrongful termination, disruptions to the Project, delays, and accelerations that LEB experienced during the Project, plus interest, costs, and other such relief as this Court deems just and appropriate.

### COUNT II- FORECLOSURE OF LIEN

31. LEB re-alleges paragraphs 1 through 17 as if fully restated herein.

32. This is an action to foreclose a lien on real property pursuant to Chapter 713, Florida Statutes (2004) for which jurisdiction lies with the Circuit Court of Orange County.

33. At all times material hereto, Owner held an interest in the Property more thoroughly described in Exhibit "A" to the Amended Claim of Lien, a copy of which is attached hereto as Exhibit "D".

34. On February 9, 2004, Owner recorded in the public records of Orange County, at Book 07299, Page 1320, a Notice of Commencement for improvement of the Property, a true and correct copy of which is attached hereto as Exhibit "E".

35. Under its contract with the Owner LEB furnished labor, services, and materials for improvement of the Property consisting of its general contracting services pursuant to the Contact Documents.

36. LEB commenced its work on the Project on December 29, 2003.

37. LEB was terminated from the project by the Owner effective December 24, 2004. LEB's provided its last labor, services or materials on December 23, 2004.[1]

38. As LEB had a direct contract with the Owner it was not required to serve a Notice to Owner.

39. The Owner has failed to pay for the labor, services, and materials that were incorporated into the Property by LEB in connection with its work.

40. LEB recorded its Claim of Lien in the public records of Orange County on December 21, 2004, and it was recorded at Book 07747, Page 4595, a true and correct copy of which is attached hereto as Exhibit "F".

---

[1] While the termination date of the contract was December 24, 2004, LEB ceased work on December 23, 2004, due to the fact that its offices were closed in observance of Christmas Eve.

41. LEB's claim of lien was subsequently amended and recorded in the public records of Orange County on January 12, 2005. The Amended Claim of Lien was for $925,411.27 and was recorded at Book 07777, Page 3395, a true and correct copy of which is attached hereto as Exhibit "D".

42. LEB served its Amended Claim of Lien on the Owner on January 12, 2005, by certified mail, a true and correct copy of the signed certified mail receipt is attached hereto as Exhibit "G".

43. Subsequently, LEB served its Amended Contractor's Final Affidavit on January 21, 2005. A true and correct copy of which is attached hereto as Exhibit "H".

44. Plaintiff has timely filed this action within one year of the recording of its Claim of Lien and has complied with all conditions precedent as required by the Contract and all statutory prerequisites under Florida law.

45. There is now due and owing to Plaintiff for the improvement the sum of $925,411.27 together with interest thereon; despite Plaintiff's demand for payment of the amount, the Defendant has refused and failed to pay the same.

46. The Plaintiff has retained the undersigned attorney to represent LEB in this matter and has agreed and obligated itself to pay a reasonable fee for his

services on its behalf; the Plaintiff is entitled to recover same from the Defendant in accordance with Chapter 713, Florida Statutes.

**WHEREFORE**, Plaintiff, Lake Eola Builders, LLC, demands judgment as follows:

1.  That Lake Eola Builders, LLC, has a valid and existing construction lien on the real property which is the subject of this count in the amount of $925,411.27, plus interest, costs and reasonable attorney's fees;

2.  That if the Owner fails to pay such sums, the interests of Owner in the real property identified in the claim of lien be sold and the moneys arising from the sale be brought into the Court; and

3.  That Lake Eola Builders, LLC, be paid from the money brought into the Court in an amount adjudged to be due and owing, plus costs, interest at the statutory rate per annum, and reasonable attorney's fees, and such other relief that this Court deems just and appropriate.

Dated this 2nd day of February, 2005.



Ben W. Subin, Esq.
Florida Bar No. 982776
Michael R. Candes
Florida Bar No. 0589381
Holland & Knight LLP
200 South Orange Avenue
Suite 2600, SunTrust Center
Orlando, Florida 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
Attorneys for Plaintiff

\# 2517174_v2