**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAKE EOLA BUILDERS, LLC,**

    **Plaintiff,**

-vs-                **Case No. 6:05-cv-346-Orl-31DAB**

**THE METROPOLITAN AT LAKE EOLA, LLC,**

    **Defendant.**

_____

# ORDER

This case is before the Court on Lake Eola Builders LLC's ("Builder") Motion for More Definite Statement (Doc. 16) and Metropolitan at Lake Eola LLC's ("the Metropolitan") Response (Doc. 21) thereto.

## I. Introduction

Builder, the plaintiff in this civil action, requests an order requiring the Metropolitan to state with greater particularity the circumstances underlying a counterclaim. The Metropolitan, the defendant in this civil action, has filed a counterclaim (Doc. 5) in challenge to Builder's Complaint (Doc. 2). Builder claims that payment is due for construction services evidenced by a lien on the Metropolitan's condominium building, and the Metropolitan counterclaims that Builder has filed a fraudulent lien against the building in violation of Florida Statutes Section 713.31.

The gist of the Metropolitan's counterclaim is that Builder has filed a lien against the Metropolitan's building for an unpaid indebtedness which may exceed $925,411.27; the lien (Doc. 5-5 at 6) was filed on January 12, 2005; and the lien is fraudulent and willfully exaggerated

because it includes charges for labor not performed and materials not furnished in regard to the building. In addition, the Metropolitan alleges that Builder's claims for additional payment under a contract and Builder's claim of lien are wholly without merit in light of various alleged contractual breaches.

## II.     Relevant Pleading Standards

Where, as here, claims are before a federal court based on diversity of citizenship, the forum state's law governs the substantive claims, but federal law governs the specificity with which to allege them. *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986) (citations omitted). The general, well-established pleading requirement in federal court is notice pleading. This merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). No technical form of pleading is required; averments need only be "simple, concise, and direct." *Id.* 8(e). In contrast, however, if a party alleges fraud, the circumstances constituting fraud must be stated with particularity, except that malice, intent, knowledge, and state of mind may be stated generally. *Id.* 9(b). To aid interpretation of the latter standard, the Eleventh Circuit Court of Appeals has explained that:

> The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. The application of Rule 9(b), however, must not abrogate the concept of notice pleading. Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of fraud.

*United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

**III.     Legal Analysis**

A basic disconnect is evident between typical fraud and the fraudulent-lien claim at issue in this case.  Archetypical, common-law fraud involves a false statement of material fact: made by one who knew, upon its utterance, that it was false or was being made without knowledge of its truth or falsity; made with the intent that a recipient rely on it; and resulting in damage to the recipient who thereafter acts in justifiable reliance.  *See, e.g.*, *Simon v. Celebration Co.*, 883 So.2d 826, 832 (Fla. 5th DCA 2004).  Florida's fraudulent-lien statute addresses the impropriety of a lienor: (1) willfully exaggerating the amount of a lien, (2) willfully including in a lien a claim for work not performed or materials not furnished, or (3) compiling the lien with willful and gross negligence as to amount.  *See* FLA. STAT. § 733.31(2)(a); *In re M.B. Hayes, Inc.*, 305 B.R. 361, 366 (Bankr. M.D. Fla. 2003).  Florida's fraudulent-lien statute does not require the element of detrimental reliance that completes a common-law fraud claim.  *See* FLA. STAT. § 733.31(2)(a).

To be sure, the rule that fraud must be pled with particularity has been extended to certain statutes.  In *United States ex rel. Clausen v. Laboratory Corporation of America*, for instance, the court recognized that the False Claims Act is "a fraud statute" for the purposes of the particularity rule.  290 F.3d at 1309-10.  Clausen brought a so-called *qui tam* claim on behalf of the United States.  *Id*. at 1303-04.  Clausen charged the defendant with a raft of fraudulent conduct, but merely presumed that the United States received and unwittingly paid fraudulent health-care claims from the defendant.  The court held that Clausen's claim was essentially a fraud claim; that Clausen failed to allege with particularity that the United States actually received fraudulent health-care claims – a circumstance necessary to the detrimental-reliance element of fraud; and that Clausen, therefore, failed to state sufficiently a fraud claim under the False Claims Act.  *Id.* at

-3-

1309-12.  Apparently relying on the particularity rule as a curb to spurious charges of immoral behavior, the court observed that "nowhere *in the blur of facts and documents assembled by Clausen* . . . can one find any allegation, stated with particularity, of a false claim actually being submitted to the Government."  *Id*. at 1312 (emphasis added).

The particularity rule can be seen as a filter in regard to a class of legal claims so open to ambiguity as to invite abusive litigation.  Fraud defies clarity:

> It is a thing indefinable by any fixed and arbitrary definition. In its multiform phases and subtle shapes, it baffled definition.  It is said, indeed, that it is part of the equity doctrine of fraud not to define it, lest the craft of men should find ways of committing fraud which might evade such a definition.  In its most general sense, it embraces all 'acts, omissions, or concealments which involve a breach of legal and equitable duty, trust or confidence justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another.'

*See* 26 WILLISTON ON CONTRACTS § 69:1 (quoting as classic, long-standing precedent *Smith v. Harrison*, 49 Tenn. 230 (2 Heisk. 230) (Tenn. 1871)).  Were it not for the particularity rule, fraud's open-endedness would unduly enable parties to strike at their opponents with ill-defined claims of immorality.  Early, scrupulous attention to each element of fraud brings needed clarity where, if abstraction were generally indulged, abusive and chaotic litigation would otherwise follow.

The Metropolitan's counterclaim in the instant case is a far cry from typical fraud claims and the concerns such claims may raise.  Florida's fraudulent-lien statute does not require reliance and, in that regard, does not resemble common-law fraud or fraud statutes.  *But see Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc.*, 253 So.2d 900, 902 (Fla. 3d DCA 1971) (treating, without discussion, Florida's fraudulent-lien statute as a fraud statute).  Furthermore, in the instant case, there are no compelling concerns about notice or ambiguity to suggest that something more than notice pleading should be required.

As a practical matter, Builder has filed a lien against the Metropolitan's building, Metropolitan has refused to pay, and Builder wants to reduce its lien to a judgment. This will presumably entail some proof as to the particulars upon which the lien and its validity depend. With its counterclaim, the Metropolitan has expressed a keen desire to prove that Builder's lien is baseless. The limited scope of the building project and Builder's lien claim provide notice and impose a manageable, finite structure in regard to the Metropolitan's counterclaim. The proof or absence of proof as to the particulars of Builder's lien claim will substantially overlap the proof or absence of proof to support the Metropolitan's counterclaim. The Metropolitan has directly expressed its claim by alleging that Builder has filed a lien against the Metropolitan's building for certain indebtedness; that the lien was filed on January 12, 2005; and that the lien is fraudulent and willfully exaggerated because it includes charges for labor not performed and materials not furnished in regard to the Metropolitan's building. These allegations encompass the who, what, when, and how of the conduct the Metropolitan opposes as well as why the alleged conduct is actionable. *See* FLA. STAT. § 733.31(2)(a). Discovery is the appropriate tool to illuminate the particulars.

**IV. Conclusion**

For the foregoing reasons, it is therefore

**ORDERED** that Builder's Motion for More Definite Statement (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 23, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record