**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAKE EOLA BUILDERS, LLC,**

      **Plaintiff,**

**-vs-**                                **Case No. 6:05-cv-346-Orl-31DAB**

**THE METROPOLITAN AT LAKE EOLA, LLC,**

      **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR BOND INCREASE (Doc. No. 139)**
>
> **FILED:** June 29, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks to increase the amount of the lien transfer bond posted in this case, asserting that the present amount is inadequate. The Court finds that Plaintiff has not made a sufficient showing to warrant the increase.

Pursuant to Florida Statute § 713.24, a party may transfer a lien to security "in an amount equal to the amount demanded in such claim of lien plus interest thereon at the legal rate for 3 years, plus $1,000 or 25 percent of the amount demanded in the claim of lien, whichever is greater, to apply on any attorney's fees and court costs that may be taxed in any proceeding to enforce said lien."

There is no question that the transfer bond posted in this case met those requirements. Plaintiff contends, however, that the transfer bond is insufficient to pay all of its costs and fees relating to the prosecution of this lawsuit for breach of contract and foreclosure of a construction lien, and defense of the counterclaim and claims made by Plaintiff's subcontractors, through trial and beyond. Although Fla. Stat. § 713.24(3) permits a party to move for additional security if the transfer bond is insufficient to pay the attorney's fees and costs, the Court finds such has not been established on this record.

As a recent Florida case has noted, the language of the statute requires modification of the security, upon an adequate showing:

> Mechanics' lien law must be strictly construed. *Aetna Cas. & Sur. Co. v. Buck*, 594 So.2d 280, 281 (Fla.1992). In 1998, the legislature amended section 713.24(3), Florida Statutes (1997), to add:
> If the court finds that the amount of the deposit or bond in excess of the amount claimed in the claim of lien is insufficient to pay the lienor's attorney's fees and court costs incurred in the action to enforce the lien, the court must increase the amount of the cash deposit or lien transfer bond. Ch. 98-135, § 8, at 923, Laws of Fla.
> The earlier statute included language that permitted any person having an interest in the security to file a complaint or motion in the pending action for an order to require additional security. *See, e.g.*, § 713.24(3), Fla. Stat. (1967); § 84.241(3), Fla. Stat. (1965). Not until 1998 was the relief made compulsory upon an adequate showing that the bond was insufficient.

*Smith Original Homes, Inc. v. Carpet King Carpets, Inc.*, 896 So.2d 844, 846 (Fla. 2d DCA 2005).

Notably, this provision speaks to attorney's fees and costs *incurred*; there is no express provision for modification of the security to cover future anticipated costs and fees, as one court has noted. *See Royal Marble, Inc. v. Innovative Flooring & Stonecrafters of SWF, Inc.*, 2005 WL 1397435 (Fla. 2d DCA 2005) (suggesting that the company continue to file motions seeking to increase the bond as it incurs fees that exceed the amount of the security bond that is set aside for fees

and court costs). Even if this Court were to interpret the provision to allow for the anticipated future costs and fees, entitlement to fees under the transfer bond are limited to those incident to enforcing the lien. *See, for example, Mashan Contractors, Inc. v. Bailey*, 922 So. 2d 330 (Fla. 3rd DCA 2006). Here, as pointed out by Defendant, the litigation involves other claims (wrongful termination and breach of the contract, a claim against the surety on the performance bond) which may or may not be deemed sufficiently inseparable from the lien claim to warrant an award. *See, generally, Davis v. National Medical Enterprises, Inc.,* 253 F.3d 1314 (11th Cir.2001) (discussing Florida's application of the net judgment rule). Moreover, Plaintiff has not tendered sufficient evidence of the charges it alleges to have incurred, save for a summary by trial counsel (noting that a large portion of the fees incurred in defense of the counterclaim have been paid by Plaintiff's insurer) and an affidavit by another lawyer attesting to the reasonableness of the fees. The Court has no way of knowing whether these charges are sufficiently related to the lien claim to warrant a finding that the present bond is inadequate. The Court finds that the present record does not establish that the $1.3 million sought (approx. $900,00.00 in costs and fees Plaintiff claims to have incurred to date and $400,000 it anticipates to incur) is "reasonable" to litigate a lien claim of approximately $900,000.00.

The motion is **denied** for failure to establish amounts actually incurred and sufficiently related to the lien claim. In view of the upcoming trial (set for September), entitlement to any award will soon be determined, and a detailed analysis of whether fees are properly recoverable under Fla. Stat. § 713.29 can be made upon a more complete record.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record